**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beverly James,<br><br>              Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc.,<br><br>              Defendant. | No. CV-15-02382-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 9). The time to file a response expired on December 21, 2015, and Plaintiff has failed to file a response. LRCiv 7.2(c). A party that fails to respond to a motion may be deemed to consent to granting of the motion and allow the Court to dispose of the motion summarily. LRCiv 7.2(i). Because Plaintiff has failed to respond to the Motion to Dismiss, the Complaint could be dismissed under Rule 7.2(i) on those grounds alone.

However, the Court has considered Defendant's Motion, and the Motion will be granted on its merits pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the Motion. First, the Complaint (*see* Doc. 1-1 at 2) does not contain sufficient factual allegations to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). Under § 1692g(b), if a consumer properly notifies a debt collector that the debt in question is disputed, the debt collector "shall cease collection" until it provides verification of the debt. The Complaint does not specify any way in which Defendant violated this mandate to "cease collection." The

allegation that Defendant failed to verify the debt does not, by itself, give rise to a claim under § 1692g(b).  *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007).  Second, the Complaint does not advance a cognizable theory under the Federal Trade Commission Act, 15 U.S.C. § 45, because the Act does not provide a private cause of action.  *See Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).  Because Plaintiff fails to state any claims upon which relief could be granted, the Complaint will be dismissed.

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff has failed to respond to the Motion to Dismiss and has not filed an amended complaint within the timeline set forth in the Court's prior order (Doc. 7).  However, these omissions are viewed with leniency because Plaintiff is *pro se*, has not shown bad faith, and has not yet amended the Complaint at all.  Moreover, although amending the Federal Trade Commission Act claim would be futile, an amendment to the Fair Debt Collection Practices Act claim might cure the deficiencies identified in the Motion to Dismiss.  Thus, leave to amend will be granted, but only once, and only as to the Fair Debt Collection Practices Act claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 9) is granted.  Plaintiff's claim under the Federal Trade Commission Act is dismissed with prejudice.  The Complaint is otherwise dismissed with leave to amend as set forth below.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by January 12, 2016, in which any new allegations must pertain to the circumstances giving rise to Plaintiff's claim under the Fair Debt Collection Practices Act.  If by that date Plaintiff has not filed an amended complaint, this action will be dismissed with prejudice.

Dated this 29th day of December, 2015.

Neil V. Wake
United States District Judge